UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
NACHMAN NACHMENSON,

                       Plaintiff,

          - against -

ZVI GLUCK, NY STATE COURT, JUDGE
KATHERINE A. LEVINE, TEHILA
BERMAN KAHAN, DAVID GOLD,
REGINALD THOMAS, NY Attorney
Grievance, NY DA, HONORABLE
LAWRENCE KNIPEL, SUPREME
ADMINISTRATION,

                       Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-627

PAMELA K. CHEN, United States District Judge:

On January 27, 2022, Plaintiff Nachman Nachmenson filed this *pro se* action against Zvi Gluck, Kings County Supreme Court ("State Court"), Judge Katherine A. Levine, Tehila Berman Kahan, David Gold, Reginald Thomas, New York Supreme Court Appellate Division's Attorney Grievance Committee ("Grievance Committee"), New York City Law Department's Corporation Counsel ("Corporation Counsel"), and Honorable Lawrence Knipel, Administrative Judge of the Supreme Court of Civil Matters (collectively, "Defendants"),[1] seeking damages and injunctive relief in connection with an action he commenced in the New York Supreme Court, Kings County ("State Court").[2] Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the limited

---

[1] While the exact list of Defendants is not entirely clear because Plaintiff makes use of abbreviations and unidentified terms, and lists entities and individuals together, the Court construes the Complaint liberally to be against the Defendants listed in above. *Erickson v. Pardus*, 551 U.S. 89 (2007). The Clerk of Court is respectfully directed to amend the caption of this case accordingly.

[2] The Court notes that Plaintiff has previously filed eight other civil actions in this Court that were dismissed for failure to state a claim or for lack of subject matter jurisdiction, including

1

purpose of this Memorandum and Order.³  The Complaint is hereby dismissed in its entirety without leave to amend.

## BACKGROUND

Plaintiff alleges that in 2014, he filed a lawsuit in the State Court alleging that on April 23, 2013, he was falsely arrested and subjected to excessive force by the New York City Police Department ("NYPD"). (Dkt. 1, at ECF⁴ 11, 23.) The gravamen of Plaintiff's Complaint in this case is that his State Court lawsuit is being unduly and improperly delayed by Defendant Zvi Gluck, "the rabbi of the NYPD," as part of a pattern of harassment and retaliation going back to 2004 and relating to a personal conflict between Plaintiff and the ex-husband of Plaintiff's sister Yonah Gelernter (a non-party). (*Id.* at 8, 23–24.) Plaintiff alleges that Defendant Zvi Gluck, who "uses his political power and bribery to promote illegal actions for people who pay him under the table" (*id.* at 11–12, 22–24), both "coordinated with" the NYPD to have him arrested on April 23, 2013 and obstructed Plaintiff's State Court proceeding by influencing the presiding justice, Defendant Katherine A. Levine, who "now too cooperates with Zvi Gluck" and "let[s] the injustice⁵ continue for more than eight years." (*Id.* at 10–12, 23.) Plaintiff further alleges that

---

an action seeking $7.7 million in damages and injunctive relief in connection with the alleged unjustified delay of trial in his State Court proceeding. *See Nachmeson v. Kings County Supreme Court*, No. 20-CV-5905 (E.D.N.Y. Apr. 12, 2022) (collecting cases, dismissing case without prejudice and ordering Plaintiff to show cause why a filing injunction should not be issued).

³ Plaintiff's IFP application is entirely blank and only contains his signature. (*See* Dkt. 2.) The Court nonetheless grants Plaintiff IFP status based on his IFP application in another contemporaneous case. *See Nachmenson v. New York State Dep't of Labor*, No. 20-CV-5873 (E.D.N.Y. Apr 12, 2022).

⁴ Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

⁵ The Court construes Plaintiff's reference to "injustice" to mean the delayed trial in Plaintiff's ongoing State Court proceeding.

2

Corporation Counsel "is not interested in any settlement" of the State Court proceeding and "because of Zvi Gluck they keep avoiding trial to this day." (*Id.* at 10–11.)

Additionally, Plaintiff alleges that his counsel in the State Court proceeding, non-party Brian M. Dratch, "cooperates with [Corporation Counsel] and allowed the State Court case to languish. (*Id.* at 8.) Plaintiff filed a grievance against Mr. Dratch with the Grievance Committee, after which Mr. Dratch sought to withdraw as Plaintiff's counsel. (*Id.* at 11, 14–15, 18.) Plaintiff claims that the Grievance Committee is not assisting Plaintiff "but rather lets Zvi Gluck the politician, the NYPD, and the D.A. avoid justice." (*Id.* at 9.) Plaintiff alleges that "[t]he administration of the Supreme Court [is not] interested in fixing the injustice, because they are all Jews who want to satisfy the demands of Zvi Gluck." (*Id.* at 12.) Plaintiff attaches letters he sent to Justice Levine and to the Grievance Committee, in which he described his State Court proceeding and the delays he attributes to his counsel, Mr. Dratch. (*Id.* at 14–16, 18–20.)

Plaintiff demands $7.7 million in damages payable to the federal government and seeks injunctive relief in the form of this Court's intervention in Plaintiff's State Court proceeding "to force the [State] Court to oblige [Mr. Dratch] to continue" representing Plaintiff or to give Plaintiff "another lawyer who will bring forth the justice." (*Id.* at 12.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable

3

inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted). Complaints filed by *pro se* litigants are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## DISCUSSION

**I.    Plaintiff's Claims Against the State Defendants Are Barred by Absolute Immunity**

Plaintiff's claims against the State Court,[6] Justice Levine, Justice Knipel, Tehila Berman Kahan, David Gold, Reginald Thomas, and the Grievance Committee (collectively, "State Defendants") are barred by absolute judicial and quasi-judicial immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Li v. Lorenzo*, 712 F. App'x. 21, 23 (2d Cir. 2017) (summary order). Absolute judicial immunity extends to court clerks who are performing tasks "which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also McKnight v. Middleton*, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010) ("[A] clerk's acts that implement judicial decisions or that are performed at the direction or under the supervision of a judicial officer come under the ambit of judicial immunity.") Absolute immunity also generally extends to officials "who perform functions closely associated with the judicial process." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). This immunity may be overcome only if the defendant is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Mireles*,

---

[6] The Court construes Plaintiff's allegations against the State Court to be against Justice Levine, who is presiding over Plaintiff's State Court proceeding and who Plaintiff alleges has unduly delayed the trial in that proceeding.

4

502 U.S. at 11–12. Thus, Plaintiff's claims against the State Defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) without leave to amend.[7]

## II. Plaintiff's Claims Against Corporation Counsel Are Similarly Barred by Absolute Immunity

Title 42 of the United States Code, Section 1983 allows plaintiffs to seek damages for alleged violations of their civil rights. In order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege that "the conduct complained of [was] committed by a person acting under color of state law," and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Government attorneys "functioning as an advocate of the state in a way that is intimately associated with the judicial process" are immune from suits for damages under § 1983. *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006). This absolute immunity has been specifically extended to Corporation Counsel. *See, e.g.*, *Johnson v. City of New York*, No. 16-CV-2879 (PKC) (LB), 2019 WL-2393716, at *4 (E.D.N.Y. June 6, 2019). Because Plaintiff's claims under § 1983 against Corporation Counsel arise from litigation activities while representing the City of New

---

[7] Moreover, Plaintiff's claims for damages against the State Defendants are barred by the Eleventh Amendment, which provides immunity to states in suits brought against them in federal courts, absent the states' explicit consent or unequivocal Congressional abrogation of immunity. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984); *CSX Transp., Inc. v. N.Y. State Off. of Real Prop. Servs.*, 306 F.3d 87, 94–95 (2d Cir. 2002). "State immunity extends to state agencies and to state officers who act on behalf of the state." *Burnette v. Carothers*, 192 F.3d 52, 57 (2d Cir. 1999) (citation omitted); *see also Pennhurst*, 465 U.S. at 101–02 (1984) ("The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest. . . . And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." (internal quotation marks omitted)). Here, the State Defendants are entitled to sovereign immunity. Plaintiff has not identified any waiver or Congressional abrogation of New York's sovereign immunity that would permit him to bring an action for damages or retrospective injunctive relief against the State Defendants.

5

York in Plaintiff's State Court civil action, Plaintiff's claims for damages against Corporation Counsel are barred by absolute immunity.[8]

### III. Plaintiff's Claims Against Defendant Gluck Are Dismissed for Failure to State a Claim

Section 1983 does not extend to harms caused by private individuals or private organizations. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted). The "state action" requirement may be applied to private individuals in certain limited circumstances, such as where the private individual is engaged in a "public function" or performs conduct that is "fairly attributable to the state." *Id.* at 51.

Title 42 of the United States Code, Section 1985 addresses conspiracies to interfere with an individual's constitutional rights and may include conspiracies that involve private parties. The only component of § 1985 that could potentially apply to Plaintiff's case is the second clause, which concerns conspiracies to obstruct "the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws. . . ." 42 U.S.C. § 1985(2). In order to state a claim under this provision, a plaintiff must "allege that he was a member of a protected class, that the defendants conspired to deprive him of his constitutional rights, that the defendants acted with class-based, invidiously discriminatory animus, and that he suffered damages as a result of the defendants' actions." *Gleason v. McBride*, 869 F.2d 688, 694–95 (2d Cir. 1989). "[T]he intended victims of discrimination must be victims not because of any personal malice the conspirators may have toward them, but because of their membership in or affiliation with a

---

[8] Moreover, the Complaint, even liberally construed, does not seek injunctive relief against Corporation Counsel.

particular class." *Id.* at 695 (quotation omitted); *see also Saunders v. Vinton*, No. 12-CV-581 (MPS), 2013 WL 1729264, at *7 (D. Conn. Apr. 22, 2013) (to state a conspiracy claim for obstruction of justice regarding a state court proceeding under § 1985(2), plaintiff must allege racial or class-based animus), *aff'd*, 554 F. App'x 36 (2d Cir. 2014). Plaintiff's complaint alleges that a private individual, Defendant Zvi Gluck conspired with the State Defendants to delay the adjudication of the State Court proceeding as part of a harassment campaign against Plaintiff. Plaintiff does not assert that Defendant Gluck was performing any public function or acting on behalf of the State Defendants. Neither has Plaintiff alleged that he was discriminated against due to his membership in a protected class and that Defendant Gluck and the State Defendants conspired to violate his civil rights motivated by anti-Semitic animus. In fact, Plaintiff specifically states that the alleged interference was related to a personal family issue.[9] Thus, Plaintiff's claims against Defendant Gluck are also dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court has considered affording Plaintiff a chance to amend the complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so because it views the opportunity as futile since a review of the Complaint does not suggest that Plaintiff has inadequately or inartfully pleaded any potentially viable claims.

## CONCLUSION

For the foregoing reasons, the Complaint is dismissed for failure to state a claim and as barred by absolute immunity. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal.

---

[9] Furthermore, the Complaint's allegations that Dratch is working with State Court judges and officials are purely conclusory and are not supported by any factual allegations in the Complaint.

7

*See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 12, 2022
      Brooklyn, New York